UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN,<br><br>    Petitioner,<br><br>    v.<br><br>C. KOENIG, Warden,<br><br>    Respondent. | Case No. 19-cv-02607-YGR (PR)<br><br>**ORDER GRANTING REQUEST TO WITHDRAW PETITION; DISMISSING PETITION WITHOUT PREJUDICE; AND TERMINATING PENDING MOTIONS AS MOOT** |

On May 2, 2019, Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. On June 18, 2019, the Court issued an order to show cause directing Respondent to file an answer. Dkt. 6. On September 18, 2019, Respondent moved to dismiss the petition for failure to exhaust state judicial remedies before filing suit. Dkt. 12. Rather than file an opposition, on September 27, 2019, Petitioner filed a motion requesting to withdraw the petition without prejudice so that he may "provide documentation to the Calif. Supreme Court in ruling on the merits of his claims before proceeding in this Court . . . ." Dkt. 13 at 1. It appears that Petitioner is conceding that he did not properly exhaust state judicial remedies before filing suit, and is requesting voluntary dismissal of this action. *See id.* He also states that he "anticipates returning if and when his state remedies are exhausted." *Id.*

After service of an answer or summary judgment motion (and if no stipulation of dismissal is obtained), the plaintiff must obtain court approval to dismiss: "The action shall not be dismissed at the plaintiff's instances save upon the order of the court and upon such terms and conditions as the court deems proper . . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ P. 41(a)(2). The court must exercise its discretion to determine whether to allow dismissal at all and if so, whether the dismissal should be with or without prejudice and what terms and conditions, if any, ought to be imposed. *See Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982); *see also Spencer v.*

*Moore Business Forms, Inc.*, 87 F.R.D. 118 (N.D. Ga. 1980) (discussing factors court should consider).

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Rose*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

Here, if Respondent is correct and Petitioner failed to exhaust state judicial remedies before filing suit, the Court must dismiss the petition. *See Rose*, 455 U.S. at 510. Furthermore, the dismissal must be without prejudice so that Petitioner can return to this Court after he has presented the state's highest court with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. Accordingly, the Court finds good cause to GRANT Petitioner's requests to withdraw the petition and voluntarily dismiss this action without prejudice.[1]

## CONCLUSION

For the foregoing reasons, Petitioner's requests for withdrawal of the present petition and voluntary dismissal are GRANTED. Dkt. 13. The petition is DISMISSED without prejudice.

The Clerk of the Court shall terminate as moot all remaining pending motions, including Petitioner's motion for appointment of counsel and Respondent's motion to dismiss (dkts. 11, 12), and close the file.

This Order terminates Docket Nos. 11, 12, and 13.

IT IS SO ORDERED.

Dated: October 11, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge

---

[1] However, the Court expresses no opinion as to the timeliness of a federal habeas action filed by Petitioner after he has exhausted state judicial remedies. *See* 28 U.S.C. § 2244(d)(1).

2